**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BRIAN F. DRAZICH,<br><br>          Plaintiff,<br><br>     v.<br><br>RAYMOND EDWIN MABUS, JR., Secretary of the Navy, and Does 1 through 100, inclusive,<br><br>          Defendants. | Case No. 5:13-cv-03931-BLF<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**<br><br>[Re: ECF 16] |

Plaintiff Brian F. Drazich sues under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, claiming that he was discriminated against on the basis of age during his employment as a patent attorney for the United States Navy. Specifically, Plaintiff claims that he was subjected to harassment and a hostile workplace and that his security clearance was revoked for pretextual reasons in order to facilitate his termination. Following revocation of his security clearance, Plaintiff's employment was terminated on the basis that he could not perform his job duties without the clearance. Defendant Raymond Edwin Mabus, Jr., Secretary of the Navy, seeks judgment on the pleadings on the bases that the Court lacks jurisdiction to review the security clearance decision and thus lacks jurisdiction to review Plaintiff's termination, and that Plaintiff failed to satisfy an administrative prerequisite to filing suit under the ADEA.

The Court has considered the briefing submitted by the parties as well as the oral argument presented at the hearing on May 15, 2014. For the reasons discussed below, Defendant's motion is GRANTED WITH LEAVE TO AMEND.

# I. BACKGROUND

Plaintiff, who is proceeding *pro se*, alleges the following facts.  In May 2006, Plaintiff was hired as the only patent attorney in the Office of the General Counsel assigned to the Naval Air Systems Command, Naval Air Warfare Center Weapons Division, China Lake, California.  (Compl. ¶ 9, ECF 1)  Plaintiff, then age sixty-three, was hired to fill a vacancy left by Charlene Haley ("Haley"), who had resigned from her position as a Navy patent attorney in order to take a job in the private sector.  (*Id.* at p. 2 and ¶¶ 10, 12)[1]  Plaintiff performed his duties without incident from his date of hire until approximately December 2008.  (*Id.* ¶ 15)  During that period, Plaintiff received satisfactory performance reviews from his direct supervisor, John McCollum ("McCollum").  (*Id.* ¶ 15)  Plaintiff was "by far" the oldest attorney in the group supervised by McCollum.  (*Id.* ¶ 13)

In October 2008, Haley was rehired and given the position of lead patent attorney.  (Compl. ¶¶ 20, 22)  At that time Haley was approximately forty to forty-two years old.  (*Id.* ¶ 19)  Beginning in December 2008, Haley and McCollum criticized Plaintiff frequently.  (*Id.* ¶¶ 25-31)  Haley spoke to Plaintiff as though he were feeble-minded and told him he was "too slow."  (*Id.* ¶¶ 30-31)  Moreover, if Plaintiff worked beyond his regular hours, McCollum shouted at Plaintiff to leave.  (*Id.* ¶ 32)  In April 2009, McCollum required Plaintiff to report the time of his daily arrival to one of three paralegals.  (*Id.* at ¶ 33)  McCollum also had the office suite re-keyed so that Plaintiff had access only to his own office; unlike other employees, Plaintiff no longer had access to the printer and copier rooms.  (*Id.* ¶ 34)  McCollum told Plaintiff that he had taken these measures to ensure that Plaintiff did not defraud the government and because McCollum did not trust Plaintiff.  (*Id.*)  In March or April 2009, Plaintiff began noticing that things in his office appeared to have been moved.  (*Id.* ¶ 35)  Throughout 2009, Plaintiff was given less work to do.  (*Id.* ¶ 36)  He nonetheless had difficulty obtaining approval for vacation time.  (*Id.* ¶ 37)

In May 2009, Plaintiff cleaned out a credenza in his office; it was filled with documents that Haley had worked on prior to Plaintiff's hiring.  (Compl. ¶ 38)  After determining that the documents did not contain any information not already in the public domain, Plaintiff put some of

---

[1] The first three paragraphs of the complaint are not numbered.  Citations to the contents of those paragraphs are to the page upon which they appear.  Citations to subsequent paragraphs, which are numbered, are to the paragraph numbers.

United States District Court

For the Northern District of California

1  the documents in his office wastebasket.  (*Id.* ¶¶ 39-40)  On May 12, 2009, Plaintiff discovered that

2  someone had taken the documents from his wastebasket.  (*Id.* ¶ 41)  McCollum mischaracterized the

3  documents as "sensitive" in an effort to get Plaintiff's security clearance revoked and his

4  employment terminated.  (*Id.* ¶ 44)  Plaintiff believes that McCollum was motivated by a

5  discriminatory animus arising from Plaintiff's age.  (*Id.*)

6      On April 29, 2010, Plaintiff attended a meeting with Haley, McCollum, and McCollum's

7  unofficial deputy, Allyson Swaney ("Swaney").  (Compl. ¶¶ 24, 54)  During the meeting, Plaintiff

8  accused McCollum of age discrimination, and McCollum did not deny the accusation.  (*Id.* ¶ 55)  In

9  May 2010, Plaintiff told Paul Oosburg, General Counsel of the Navy, and other upper level

10 managers that McCollum had harassed him since 2008.  (*Id.* ¶ 57)  Plaintiff was placed on

11 involuntary leave in May 2010.[2]  (*Id.* ¶ 31)  Plaintiff was terminated from employment in November

12 2011.[3]

13     Based upon these allegations, Plaintiff asserts two claims for violation of the ADEA.  Claim

14 1 alleges that Plaintiff's employment was terminated because of his age.[4]  (Compl. ¶ 64, ECF 1)

15 Claim 2 alleges that Plaintiff was subjected to harassment and a hostile workplace.  (*Id.* ¶ 73)

16 Defendant filed an answer on February 14, 2014, an amended answer on March 7, 2014, and the

17 present motion for judgment on the pleadings on March 13, 2014.  (Answer, ECF 10; Am'd

18 Answer, ECF 15; and Mot., ECF 16)

19                        **II. LEGAL STANDARDS**

20 **A.    Federal Rule of Civil Procedure 12(c)**

21     "After the pleadings are closed – but early enough not to delay trial – a party may move for

22 _____

23 [2] The complaint also alleges that Plaintiff was placed on unpaid leave effective July 17, 2010.
   (Compl. Prayer ¶ 15, ECF 1)

24

25 [3] Plaintiff's complaint does not allege the date of his termination; the date appears in the Notice of
   Decision to Remove submitted by Defendant and considered by the Court in connection with
26 Defendant's jurisdictional challenge discussed in part III.A., below.  (*See* Rodriguez Decl. Ex. B,
   ECF 16-3).

27 [4] Claim 1 also alleges that Plaintiff was harassed and subjected to a hostile workplace.  (Compl. ¶
   67)  Those allegations are duplicative of the allegations set forth in Claim 2, (*see id.* ¶¶ 73-74), and
28 they are considered in the context of Claim 2.

5:13-cv-03931-BLF
ORDER GRANTING MOTION FOR JOP WITH LEAVE TO AMEND

**United States District Court**
For the Northern District of California

1    judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings based

2    upon lack of subject matter jurisdiction is evaluated under the standards applicable to a motion to

3    dismiss brought under Federal Rule of Civil Procedure 12(b)(1).  *Shoshone Indian Tribe of Wind*

4    *River Reservation v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) (citing 5C Charles Alan

5    Wright & Arthur R. Miller, *Federal Practice and Civil Procedure* § 1367 (3d ed. 2004)); *San Luis*

6    *Unit Food Producers v. United States*, 772 F. Supp. 2d 1210, 1218 (E.D. Cal. 2011).  A motion for

7    judgment on the pleadings based upon failure to state a claim is evaluated under the standards

8    applicable to a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).

9    *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

10   **B.      Federal Rule of Civil Procedure 12(b)(1)**

11            A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises a challenge

12   to the Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "A Rule 12(b)(1)

13   jurisdictional attack may be facial or factual."  *Safe Air For Everyone v. Meyer*, 373 F.3d 1035,

14   1039 (9th Cir. 2004).  In a facial attack, the movant asserts that the lack of subject matter

15   jurisdiction is apparent from the face of the complaint.  *Id.*  In a factual attack, the movant disputes

16   the truth of allegations that otherwise would give rise to federal jurisdiction.  *Id.*  "In resolving a

17   factual attack on jurisdiction, the district court may review evidence beyond the complaint without

18   converting the motion to dismiss into a motion for summary judgment."  *Id.*  "The court need not

19   presume the truthfulness of the plaintiff's allegations."  *Id.*  Once the moving party has presented

20   evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must

21   present affidavits or other evidence sufficient to establish subject matter jurisdiction.  *Id.*

22            Dismissal for lack of subject matter jurisdiction is warranted "where the alleged claim under

23   the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose

24   of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous."  *Safe*

25   *Air*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  Dismissal is not

26   warranted when "the jurisdictional issue and substantive issues are so intertwined that the question

27   of jurisdiction is dependent on the resolution of factual issues going to the merits of the action."  *Sun*

28   *Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (internal quotation

marks and citation omitted).

**C.    Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### III. DISCUSSION

**A.    Discriminatory Termination (Claim 1)**

Claim 1 alleges that Plaintiff's employment was terminated as a result of age discrimination. (Compl. ¶ 64, ECF 1)  Defendant mounts a factual attack on the Court's subject matter jurisdiction to hear this claim.  As is discussed in part II.B., above, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Safe Air For Everyone*, 373 F.3d at 1039. Defendant submits evidence that Plaintiff's employment was terminated because his security clearance was revoked and Plaintiff could not perform his job as a patent attorney without the security clearance.  In particular, Defendant submits a copy of a Notice of Decision to Remove that was provided to Plaintiff in November 2011 and that terminated his employment effective November 26, 2011.  (Rodriguez Decl. Ex. B, ECF 16-3)  The Notice informed Plaintiff that "[t]he revocation of your security clearance and its underlying basis make it impossible for you to perform

United States District Court
For the Northern District of California

5

1    your duties as a Patent Attorney, DA-1222-05." (*Id.* at ¶ 4)  The Notice explained that, "[y]our

2    position is designated as a  non-critical sensitive position.  It requires that you have the ability to

3    maintain a security clearance and access unclassified sensitive and classified information." (*Id.*)

4    Finally, the Notice stated that "[t]here are no non-critical non-sensitive positions within the

5    NAWCWD Office of Counsel to which you can be assigned." (*Id.*)  Based upon that evidence,

6    Defendant asserts, the Court must conclude that it lacks jurisdiction with respect to Claim 1 in light

7    of the Supreme Court's decision in *Dep't of Navy v. Egan*, 484 U.S. 518 (1988).

8          In *Egan*, the Supreme Court addressed the question of whether, in the context of determining

9    whether an individual had been subjected to an adverse employment action, the Merit Systems

10   Protection Board ("MSPB") had authority to review the Navy's decision to deny the individual a

11   security clearance.  The Supreme Court held that the MSPB did not have such authority, reasoning

12   that security clearance decisions fall exclusively within the discretion of the Executive branch. *Id.*

13   at 527-29.

14         In *Dorfmont v. Brown*, 913 F.2d 1399 (9th Cir. 1990), the Ninth Circuit extended *Egan* to

15   preclude judicial as well as administrative review, concluding that federal courts "have no more

16   business reviewing the merits of a decision to grant or revoke a security clearance than does the

17   MSPB." *Id.* at 1401.

18         In *Brazil v. Dep't of Navy*, 66 F.3d 193 (9th Cir. 1995), the Ninth Circuit applied *Egan* and

19   *Dorfmont* in the context of a discrimination claim asserted under Title VII.  Brazil, a civilian

20   employee of the Navy, alleged that the Navy's revocation of his Personnel Reliability Program

21   ("PRP") certification – which the court recognized as equivalent to a security clearance – was the

22   result of race discrimination.  Concluding that federal courts lack jurisdiction to review the

23   revocation of a PRP certification, the Circuit Court noted that "[a]t the core of *Egan's* deference to

24   the national security mission is the recognition that security clearance determinations are 'sensitive

25   and inherently discretionary' exercises, entrusted by law to the Executive." *Brazil*, 66 F.3d at 196

26   (quoting *Egan*, 484 U.S. at 527).  The court rejected Brazil's arguments that Title VII claims are not

27   subject to the *Egan* bar and that a Title VII analysis would not require review of the merits of the

28   revocation of his PRP certification. *Id.* at 197.

Defendant's evidentiary submission,[5] considered in conjunction with *Egan* and its progeny, is sufficient to establish that the Court lacks subject matter jurisdiction with respect to Claim 1. Plaintiff was terminated because his security clearance was revoked, and the clearance was a requirement of his job.  Thus in order to afford Plaintiff relief on his discriminatory termination claim, the Court would have to determine that the security clearance decision was invalid.  The Court lacks jurisdiction to review the propriety of the security clearance decision.

"'Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, *the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.*'"  *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2004)) (emphasis added).  Plaintiff has not submitted evidence sufficient to satisfy his burden of establishing the existence of subject matter jurisdiction.  It is difficult to imagine how Plaintiff could do so given the breadth of the *Egan* doctrine.  The Court is aware of one exception to the *Egan* bar, when the employee contends that the security clearance is not a bona fide job requirement and that the employer used the security clearance decision as a pretext for termination.  *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 551-52 (9th Cir. 2011).  However, Plaintiff conceded at the hearing that the security clearance is a bona fide job requirement here.

It appears from Plaintiff's briefing and from his comments at the hearing that what he really seeks is a determination that the Navy did not follow its own regulations in revoking his security clearance, and an order requiring the Navy to hold new administrative proceedings in compliance with its regulations.  Plaintiff has not cited, and the Court has not discovered, any case suggesting that the *ADEA* is an appropriate vehicle for obtaining such relief.  Plaintiff relies on cases arising in the context of petitions for review of MSPB decisions, which do provide a means for challenging an

---

[5] In his opposition, Plaintiff objected to Defendant's submission of the Notice of Decision to Remove and other administrative records.  Because Defendant mounts a factual attack on the Court's jurisdiction, Defendant may submit and the Court may consider extrinsic evidence going to the issue of subject matter jurisdiction.  *See Safe Air For Everyone*, 373 F.3d at 1039.  At the hearing, Plaintiff conceded that the Court may consider the documents, although he opined that such consideration was unnecessary because the relevant information contained therein is alleged in the complaint.

United States District Court
For the Northern District of California

1  agency's failure to follow its own procedures.  *See, e.g., Romero v. Dep't of Defense*, 527 F.3d

2  1324, 1329 (9th Cir. 2008) (holding that the MSPB "may review whether the agency has complied

3  with its procedures for revoking a security clearance, even though it may not review the substance

4  of the revocation decision").  Plaintiff has not filed a petition for review of an MSPB decision here.

5  He has filed a claim asserting that his employment was terminated for discriminatory reasons in

6  violation of the ADEA.  For the reasons discussed above, that claim is outside the jurisdiction of this

7  Court.

8       Accordingly, the motion for judgment on the pleadings is GRANTED with respect to Claim

9  1.  Although it appears virtually impossible that Plaintiff could amend Claim 1 to cure the apparent

10  jurisdictional defect, the Court will afford him one opportunity to do so in light of the fact that

11  Plaintiff is proceeding *pro se*[6] and the complaint has not been the subject of any prior motion

12  practice.  If Plaintiff fails to cure the defect in an amended pleading, Claim 1 will be dismissed with

13  prejudice.

14  **B.**    **Harassment/Hostile Workplace (Claim 2)**

15       Claim 2 alleges that Plaintiff was subjected to harassment and a hostile workplace because

16  of his age.  (Compl. ¶ 73, ECF 1)  Defendant asserts that he is entitled to judgment on the pleadings

17  as to Claim 2 because Plaintiff failed to satisfy an administrative prerequisite to suit, that is,

18  notifying an EEO counselor within forty-five days of an alleged instance of harassment.

19       "Under the ADEA, an employee has two alternative options for seeking judicial redress."

20  *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).  Under the first option, the employee may

21  give the Equal Employment Opportunity Commission ("EEOC") notice of the alleged

22  discriminatory act within 180 days, and give notice of his intent to sue at least thirty days before

23  filing his complaint in a federal district court.  *Id.*  Under the second option, the employee may

24  invoke the EEOC's administrative claims process.  *Id.*  "If the employee goes through the

25  administrative claims process, he must notify the EEO counselor within forty-five days of the

26  _____

27  [6] While Plaintiff is an attorney, it appears that his area of expertise is patent law rather than employment law.  In an excess of caution, the Court affords Plaintiff the benefit of the liberal

28  pleading standard applicable to *pro se* plaintiffs under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

5:13-cv-03931-BLF
ORDER GRANTING MOTION FOR JOP WITH LEAVE TO AMEND

United States District Court
For the Northern District of California

1   alleged discriminatory conduct." *Id.* The employee may appeal any adverse administrative decision

2   to a federal court. *Id.*

3       It appears from the face of the complaint and exhibits thereto that Plaintiff elected to invoke

4   the EEOC's administrative claims process. Exhibit A to the complaint is the Navy's final decision

5   ("Final Decision") on Plaintiff's Equal Employment Opportunity complaint dated April 20, 2012

6   ("EEO Complaint"). (Compl. Ex. A, ECF. 1) The Final Decision noted that Plaintiff had claimed

7   age discrimination in the form of harassment and hostile workplace, and had cited twenty-six

8   incidents of alleged harassment. (*Id.* at 1) The Final Decision concluded that Plaintiff was not

9   discriminated against and advised him of his appeal options, including filing suit in federal district

10  court within ninety days of receipt of the decision. (*Id.* at 4) Plaintiff alleges that he filed the

11  complaint in this action within ninety days of receipt of the Final Decision. (Compl. ¶ 5, ECF 1)

12      Defendant submits a copy of the EEO Complaint referenced in the Final Decision.

13  (Cunningham Decl. Ex. A, ECF 16-1) The EEO Complaint is not attached to Plaintiff's pleading

14  and it is not referenced expressly therein. The Court nonetheless concludes that it may consider the

15  EEO Complaint under the incorporation by reference doctrine. When analyzing a motion attacking

16  the pleadings, the Court normally is limited to considering the face of the complaint and documents

17  attached thereto. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). However, under the

18  incorporation by reference doctrine, the Court may consider "documents whose contents are alleged

19  in a complaint and whose authenticity no party questions, but which are not physically attached to

20  the [plaintiff's] pleading." *Id.* (internal quotation marks and citation omitted) (alteration in original).

21  The incorporation by reference doctrine has been extended "to situations in which the plaintiff's

22  claim depends on the contents of a document, the defendant attaches the document to its motion to

23  dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff

24  does not explicitly allege the contents of that document in the complaint." *Id.* The EEO Complaint

25  is referenced expressly in the Final Decision, which is attached as an exhibit to Plaintiff's complaint.

26  Plaintiff's complaint alleges that Plaintiff "has satisfied all of the procedural and administrative

27  prerequisites to suit," (Compl. ¶ 75, ECF 1), and Claim 2 depends upon Plaintiff's satisfaction of

28  those prerequisites. Plaintiff does not dispute the authenticity of the copy of the EEO Complaint

9

1   submitted by Defendant.

2       The EEO Complaint alleged incidents of harassment occurring between December 2008 and

3   November 2011 and reflected that Plaintiff contacted an EEO counselor on January 9, 2012.

4   (Cunningham Decl. Ex. A, ECF 16-1)  Defendant points out that the January 9, 2012 contact with

5   the EEO counselor occurred more than forty-five days after even the latest of the alleged incidents.[7]

6   Plaintiff's complaint in this action as currently framed does not suggest that he gave the requisite

7   notice to an EEO counselor at an earlier date.   The forty-five day notification requirement is not

8   established in the ADEA itself, but rather in a regulation issued by the EEOC.  *See* 29 C.F.R. §

9   1614.105(a) (providing that "[a]ggrieved persons who believe they have been discriminated against

10  on the basis of race, color, religion, sex, national origin, age, disability, or genetic information" must

11  contact an EEO counselor within forty-five days of the alleged discriminatory act).  "[A]lthough the

12  regulatory pre-filing exhaustion requirement at § 1614.105 'does not carry the full weight of

13  statutory authority' and is not a jurisdictional prerequisite for suit in federal court, we have

14  consistently held that, absent waiver, estoppel, or equitable tolling, 'failure to comply with this

15  regulation [is] . . . fatal to a federal employee's discrimination claim' in federal court."  *Kraus v.*

16  *Presidio Trust Facilities Div.*, 572 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Lyons v. England*, 307

17  F.3d 1092, 1105 (9th Cir. 2002).  Based upon Plaintiff's EEO Complaint and Claim 2 as currently

18  drafted, it appears that Defendant is entitled to judgment on the pleadings on the basis that Plaintiff

19  failed to comply with the forty-five day requirement.

20      Plaintiff asserts that he actually contacted an EEO counselor prior to the January 9, 2012

21  date reflected in his EEO Complaint.  He attaches to his opposition a letter dated April 1, 2010 from

22  himself to Glennis Ribblett, EEO Counselor and Formal Complaints Manager.  (Pl.'s Opp. Ex. 1,

23  ECF 18-1)  The letter indicated that it was "Re:  EEO Counseling," and that it concerned "a

24  _____

[7] The Court notes that Plaintiff alleges that he was placed on leave in May 2010.  (Compl. ¶ 31, ECF

25  1)  It appears that Plaintiff remained on leave until he was terminated; thus he could not have been
    subjected to a hostile workplace after May 2010.  *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452,

26  460 (6th Cir. 2001) (employee could not have been subjected to a hostile workplace while out on
    disability leave); *Linder v. Potter*, No. CV-05-0062-FVS, 2009 WL 2595552, at *13 (E.D. Wash.

27  Aug. 18, 2009) ("an employee cannot be subjected to a hostile work environment while he is at
    home on leave").  Taking these facts into consideration, it appears that Plaintiff's January 9, 2012

28  contact with an EEO counselor occurred more than a year and a half after the last possible incident
    of workplace harassment.

5:13-cv-03931-BLF
ORDER GRANTING MOTION FOR JOP WITH LEAVE TO AMEND

United States District Court
For the Northern District of California

1 potential claim for workplace harassment by my supervisor." (*Id.*)  Because the letter is not

2 referenced in the complaint or the exhibits thereto, the Court declines to consider it under the

3 incorporation by reference doctrine.  As discussed below, Plaintiff will be afforded an opportunity

4 to amend Claim 2, and he may attach the letter to any amended complaint.

5       Defendant contends that the April 1, 2010 letter does not articulate any non-discrete acts of

6 harassment that occurred within forty-five days of the date of the letter.[8]  As a result, Defendant

7 argues, the letter does not demonstrate compliance with the administrative prerequisite to suit.

8 Plaintiff asserts that the letter is sufficient to satisfy the forty-five day requirement with respect to a

9 number of alleged incidents of harassment.  Because the letter is not properly before it, the Court

10 cannot evaluate the parties' arguments at this time.  The arguments may be raised in the context of a

11 future motion, if appropriate.

12       Accordingly, the motion for judgment on the pleadings is GRANTED with respect to Claim

13 2, with leave to amend.

14 **IV. ORDER**

15       For the foregoing reasons, the motion for judgment on the pleadings is GRANTED WITH

16 LEAVE TO AMEND as to both Claim 1 and Claim 2.

17       Any amended complaint shall be filed on or before June 6, 2014.

18       **IT IS SO ORDERED.**

19

20 Dated:  May 16, 2014

21 BETH LABSON FREEMAN
    United States District Judge

---

26 [8] At the hearing, counsel for Defendant also suggested that certain incidents of alleged harassment may be barred by the *Egan* doctrine, to the extent that the incidents relate to revocation of Plaintiff's security clearance.  Because Defendant's argument would not dispose of Claim 2 in its entirety, and in light of the Court's disposition of Claim 2 for failure to satisfy an administrative prerequisite, the Court need not address this argument now.  Defendant may raise the argument in any future motion, if appropriate.

5:13-cv-03931-BLF
ORDER GRANTING MOTION FOR JOP WITH LEAVE TO AMEND